IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 8:00CR285 |
| Plaintiff, ) | |
| ) | |
| vs. ) | MEMORANDUM AND ORDER |
| ) | |
| LUIS ALBERTO CHAVARRIA JR., ) | |
| ) | |
| Defendant, ) | |

This matter is before the court on Filing No. 35, the "Motion to Vacate Sentence and Conviction Pursuant to Title 28 U.S.C. § 2255" (§ 2255 motion) filed by defendant, Luis Alberto Chavarria, Jr.  The government has filed an answer, Filing No. 40, to the § 2255 motion.

As set forth in the indictment, on or about the 12th day of October, 2000, in the District of Nebraska, Luis Alberto Chavarria, Jr., also known as Luis Chavarria-Arabuz, an alien who, after a conviction for an aggravated felony, had been denied admission, excluded, deported or removed or who had departed the United States while an order of exclusion, deportation or removal was outstanding, knowingly and unlawfully entered the United States and was found in the District of Nebraska, without first having obtained consent from the United States Attorney General to reapply for admission into the United States, in violation of Title 8, United States Code, Section 1326(a), and subject to sentencing under Title 8, United States Code, Section 1326(b)(2).  No direct appeal was filed and this is the defendant's first motion pursuant to 28 U.S.C. § 2255.

## § 2255 CLAIMS

In his § 2255 petition and accompanying brief, the defendant raised the claim that the basis for the offense charged in the indictment was based on prior deportation that was constitutionally deficient.

## DEPORTATION PROCEEDING CONSTITUTIONALLY DEFICIENT

In October of 2000, the defendant was federally indicted and charged with illegal entry following a prior deportation, in violation of Title 8 U.S.C. § 1326. Filing No. 1. The defendant claims that at his deportation hearing he believed he was not eligible for any relief from deportation, and thereby waived his deportation. Filing No. 35. Defendant alleged that had he been aware of his rights as set forth in *I.N.S. v. St. Cyr*, 533 U.S. 289 (2001*)*, he would have raised those rights under Title 8 U.S.C. §§ 212(c), 212(h) or 244(a) of the Immigration and Naturalization Act. The defendant believes the 1996 reforms eliminated the Attorney General's authority to permit waiver of deportation. The defendant alleges that the Supreme Court found a clear violation of due process in the case where an individual is deported after implementation of the 1996 reform contained in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) and the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA).

> "Before the effective dates of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), § 212(c) of the Immigration and Nationality Act of 1952 was interpreted to give the Attorney General broad discretion to waive deportation of resident aliens. As relevant here, the large class of aliens depending on § 212(c) relief was reduced in 1996 by § 401 of AEDPA, which identified a broad set of offenses for which convictions would preclude such relief; and by IIRIRA, which repealed § 212(c) and replaced it with a new section excluding from the class anyone 'convicted of an aggravated felony.'"

*St. Cyr* at 289, 8 U.S.C. § 1229b(a)(3).

However, *St. Cyr* is only applicable to those cases where the defendant became sentenced pre-IIRIRA and AEDPA and deported post-IIRIRA and AEDPA. The defendant was deported in January of 1994, Filing No. 35, and at this time, relief pursuant to § 212(c) was available to him. There were no aspects of the defendant's 1994 deportation that were affected by the Acts enacted in 1996 (the IIRIRA and the AEDPA). Therefore, this court concludes that the defendant's 1994 deportation was not constitutionally deficient and his claim for relief is denied.

THEREFORE, IT IS ORDERED:

1. That the defendant's "Motion to Vacate Sentence and Conviction Pursuant to Title 28 U.S.C. § 2255," Filing No. 35, is denied.

2. The "Motion to Produce," Filing No. 41, is denied because the issue is not relevant to this case.

3. The defendant's "Motion for Status Report," Filing No. 42, is denied as moot.

4. The defendant's "Motion for Hearing," Filing No. 43, is denied.

5. The defendant's "Motion to correct clerical errors and omissions in the record due to judicial misconduct and disability," Filing No. 44, is denied.

6. A separate judgment of dismissal with prejudice will be filed in accordance with this Memorandum and Order

DATED this 12th day of August, 2005.

BY THE COURT:

s/Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge